IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Criminal Case No. O5-00278-cr-JOF

UNITED STATES OF AMERICA,
Plaintiff,

v.

STEWART L. MANLEY,
Defendant.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 0 2020

JAMES N. HATTEN, Clerk
By: C H
Deputy Clerk

MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

Stewart Lovell Manley, a prisoner filing pro se, requests this court grant him a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because he is 76 years old and has difficulty caring for himself due to age-related medical conditions.

JURISDICTION

Mr. Manley makes hus request pursuant to 18 U.S.C. § 3582(c)(1)(A). This statute was amended as part of the First Step Act of 2018. Previously, the Director of the Bureau of Prisons had to submit a request for a reduction in sentence. Now, an inmate may make a request after first submitting a request to the Warden of his facility. If no response has been issued after 30 days, the inmate may bring his own motion for reduction in sentence. Mr. Manley made his request to Warden Zook of FCI Seagoville on January 7, 2020. As of February 6, 2020, no response to this request has been received. Mr. Manley has fulfilled his jurisdictional requirements and now brings this petition to the court.

ARGUMENT

1. Standards for Reduction

Section 3582(c)(1)(A) allows the court to modify an inmate's sentence for "extraordinary and comelling reasons." Application Note 1 of the United States Sentencing Guidelines Commission Sentencing Guidelines § 1B1.13 defines extra-ordinary and compelling reasons as, but not limited to, the following reasons

1

which apply to Mr. Manley:

1) USSG § 1B1.13 App. Note 1(A)(ii)(II) "The defendant is suffering from a serious functional or cognitive impairment..."

2) USSG § 1B1.13 App. Note 1(A)(ii)(III) "The defendant is experiencing deteriorating physical or mental health because of the aging process..."

The sub-text of these sections note that they must couple with the requirement that the condition(s) substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Mr. Manley suffers from a range of age-related illnesses which impact his ability to care for himself, and these illnesses are compounded by his dementia. Attached to this petition are medical records for Mr. Manley.  Clinical Encounter dated 12/17/2019 states that Mr. Manley was "unable to state the correct date" and that his current diagnoses include "Mild Neurocognitive Disorder Due to Alzheimer's Disease."  Clinical Encounter dated 12/10/2019 states that Mr. Manley suffered an episode where he was disoriented and unable to answer questions and was sent to a local hospital.  This encounter mentions an episode of "syncope" which is fainting or a loss of consciousness due to a lack of blood to the brain. Due to a concern about a possible stroke, Mr. Manley was given a CT scan of his head, which show "chronic ischemic changes and moderate volume atrophy."  In short, due to blood flow issues, Mr. Manley's brain is shrinking and malfunctioning possibly due to blood circulation issues.

Medications Report generated 10/16/2019 indicates that Mr. Manley is on medications for fatigue, arthritis, chronic pain, and hyperlipidemia (high chole-sterol).  This last condition is significant in that it may be a significant factor  in Mr. Manley's deteriorating mental condition, which, despite treatment, continues to worsen with age.

Clinical Encounter dated 10/11/2019 states that Mr. Manley suffered from a fall and was bleeding from his head.  The notes say that Mr. Manley did not know

why he fell, nor could he recall his age, the correct date, or the name of the president of the United States.   According to the Correctional Officer on staff who assisted Mr. Manley to the medical department that morning, Mr. Manley thought that Ronald Reagan was the current president.   Also, that Mr. Manley was sent to the hospital for evaluation after a mere fall and minor head wound further indicates something which is not entirely evident from a mere reading of his medical record. Mr. Manley is very frail.   He moves extremely slowly and deliberately, and has extreme difficulty speaking.

Clinical Encounter 07/24/2019 lists "ataxia, confusion, incontinence."   Ataxia is an inability to coordinate bodily movements.   Confusion and incontinence need no explanation.   It should be noted that since the start of the New Year, Mr. Manley has been wearing adult diapers and has been issued a wheelchair to assist his travel from teh housing unit to any external area such as the dining hall or health services.   His cellmate has been escorting him around and has been changing his diapers because medical staff here refuse to do anything other than issue him a supply of diapers.

Mr. Manley simply cannot care for himself any longer and requires professional medical assistance to do so.   The Bureau of Prisons has redesignated him to the medical center at Devins, Massachusetts due to his increased healthcare needs. However, the severity of his health needs and their impact on his ability to pose a threat to the community or commit another make him a good candidate for compassionate release.   Indeed, if Mr. Manley does not meet this bar, it is unlikely any inmate could.

2. Section 3553(a) Factors.

Mr. Manley was conviction of a violation of 18 U.S.C. 2422(b), coercion of a minor to engage in sex acts.   Given that Mr. Manley can no longer care for himself or communicate clearly, he is unlikely to be able to coerce anyone into any act, illegal or otherwise.   Further, due to his frailty, he is unlikely to pose a

physical threat to anyone, including minors.

The most appropriate thing for Mr. Manley at this juncture would be placement in a long-term care facility where he can finish out the rest of his days without the possiblity of suffering the whims of punitive captivity.  Since Mr. Manley no longer has contact with any family members or any non-incarcerated friends, he is unlikely to come into contact with any vulnerable members of society, aside from his own peer group, if he were to be placed in a facility which is designed for individuals like himself

Also, continuing to punish Mr. Manley for the crime he committed is no longer appropriate.  In fact, there are times when he inhabits a time prior to the commission of his crime and does not understand why he is incarcerated.  Keeping him in custody is cruel by any reasonable standard and can serve no sincere deterrent effect on him or the population in general.

As for Mr. Manley's release plans, he is homeless and indigent.  It is the sincere hope of his peers that a public defender be assigned to obtain Medicare, Medicaid, Social Security, and other support as appropriate to his situation, and to secure him a place at a long-term care facility where he can live out his remaining days, however few and precious those are.

Finally, lest the competency required to prepare this petition be weighed against him, Mr. Manley asked another inmate to prepare this petition for him. In his lucid moments, he can still make his wishes known, and he no longer wishes to be in prison.


CONCLUSION

For the reasons stated above, Stewart L. Manley requests this court grant him a reduction in sentence to time served by converting the remainder of his prison time into a period of supervised release.

Respectfully submitted,

_____
Stewart C. Manley  57026-019
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159

_2/7/2020_____
date